IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE CERF, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2673 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Clarence Cerf, proceeding *pro se* and impliedly *in forma pauperis*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction. A review of the court records for the United States District Court for the Southern District of Texas shows that petitioner filed a federal habeas petition challenging this conviction in *Cerf v. Dretke*, C.A. No. H-05-1901 (S.D. Tex.), which was denied on June 15, 2006, two months prior to the filing of the instant petition.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1). This Court notes that the habeas grounds raised by petitioner in *Cerf* are substantially the same as those raised in the instant petition. Accordingly, petitioner was required to obtain an order of authorization from the Fifth Circuit Court of Appeals to raise these grounds by successive petition. No

such authorization is shown. To the extent petitioner now raises habeas grounds not presented in *Cerf*, he fails to show authorization from the Fifth Circuit to pursue this successive habeas.

The Court notes that within his petition, petitioner alleges that his prison psychiatric medications contain "electric magnetic devices" and "pellets from a BB gun," that "they know what I'm thinking," and that he has "a scar on my testicles that goes pass[ed] my navel from taking these pills for years." To the extent petitioner is attempting to present claims for violations of his civil rights, he must raise those claims in a properly-filed complaint under 42 U.S.C. § 1983.

Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Fifth Circuit Court of Appeals to proceed on any new habeas claims. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 25, 2006.

_____
Gray H. Miller
United States District Judge